CARTER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. STREET RAILWAYS—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.
 It is not negligence, as a matter of law, for one driving a wagon to attempt to cross street railway tracks when an approaching car is about a block distant.

2. SAME—EVIDENCE—QUESTION FOR JURY.
 Where, in an action against a street railway for injuries, plaintiff's evidence showed that a car was nearly a block away when he started to cross the tracks, and that he had got part of the wagon over the tracks when it was struck by the car, and that it was quite light at the time, and that he looked for the car immediately before he started, the cause should have been submitted to the jury.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Edward Carter against the Interurban Street Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

J. Baldwin Hands, for appellant.
A. K. Wing and Wm. E. Weaver, for respondent.

GILDERSLEEVE, J. The action is for personal injuries. The justice directed a verdict for defendant. Plaintiff appeals.

At about 10 o'clock on the night of March 14, 1903, the plaintiff was driving north on the east side of 8th avenue, and, as he reached the south crossing of 141st street, he turned to his left to cross over 8th avenue. As his horse and wagon were crossing the defendant's car track, the wagon was struck by a car approaching from the rear, and plaintiff was injured. The plaintiff was the only witness for himself, while several witnesses were called by defendant. The plaintiff's version of the accident was as follows, viz.:

"Before I got to 141st street my aim was to go across [defendant's tracks], and I looked before turning to see if the car was coming; and, when I looked, the car was coming at about 140th street, or a little this side of 140th street, above 140th street, and I undertook to go across 141st street, and turned. Shortly after I looked to go across 141st street, and then I did not look any more; and, the next thing I heard after starting across 141st street and 8th avenue, I heard a clash, and I looked, and the car was just about on me, and I cut my horse as quick as that [indicating], and, just as I cut the horse, the car struck the wagon. Q. What length of time elapsed between the time that you looked to see if the car was coming and the time that you crossed 141st street? A. Just the length of time for my horse to get all the way across the track. I started to turn immediately after I looked [to see if the car was coming]. The car struck the hind part of the wagon. Before I crossed 8th avenue, I turned and looked before turning my horse, and I saw the car coming up 8th avenue about 140th street, maybe a little this side, and I undertook to cross 141st street; and I did not look any more until I heard the man shout, and when he shouted I looked as quick as I could—as quick as that (indicating)—and took the whip and cut the horse. That was before the accident occurred. It was perfectly light in the street there at that hour of the night. All the lamps were lit. There was no trouble in my seeing the car. The car was going fast."

Upon this statement of the plaintiff, we are inclined to think that the justice should have submitted the case to the jury, instead of ordering a verdict for the defendant. As we have seen, the plaintiff's evidence, if true, shows that the car was nearly, if not quite, a block away, when he turned to cross the tracks; that he had got the horse and part of the wagon over the track, when the rear part of the wagon was struck by the car; that it was quite light at the time in that locality, owing to the lamps being all lit; that plaintiff looked for the car immediately before he started to cross the track. It was not negligence in plaintiff, as matter of law, to cross when the car was a block away. Under the circumstances above set forth, the defendant's motorman should have seen the wagon crossing the track, and stopped his car before he had traversed the block between 140th and 141st streets. The evidence in the case at bar presents a conflict as to the facts, and raises a question that should have been determined by the jury.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.